**PROGRESSIVE INSURANCE COMPANY (PAGO PAGO), LTD.,**
**Plaintiff,**

**v.**

**SOUTHERN STAR INTERNATIONAL, INC.,**
**dba HONG KONG RESTAURANT, TUTUILA**
**INTERNATIONAL, INC., NTV ELECTRONICS, INC.,**
**KENNY AND HELEN YOUNG, AINOAMA FATA**
**dba NOFO'S STORE, AND DOES I-V, Defendants.**

High Court of American Samoa
Trial Division

CA No. 129-99

January 29, 2001

Before KRUSE, Chief Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.
For Defendants Southern Star International, Inc., dba Hong
Kong Restaurant, and Kenny and Helen Young, Paul F. Miller
For Defendant Ainoama Fata dba Nofo's Store, Katopau T.
Ainu`u

## ORDER ON MOTION TO QUASH SUBPOENA
## AND FOR PROTECTIVE ORDER

On June 5, 2000, Defendant Southern Star International, Inc. ("SSI") and Defendants Kenny and Helen Young ("Youngs") served a subpoena duces tecum ad testificandum for documents and a deposition on the Bank of Hawaii.[3] On June 13, 2000, Plaintiff Progressive Insurance Company (Pago Pago) Limited ("Progressive") moved to quash the subpoena, for a protective order and for T.C.R.C.P. 11 sanctions. On June 19, 2000, the Bank of Hawaii also filed a motion to quash the subpoena after learning that Progressive objected to the production of documents. The Bank requested that the Court stay production of the requested documents until after it has ruled upon Progressive's motion. On June 21, 2000, the Court stayed compliance with the subpoena pending resolution of Progressive's motion to quash.[4]

---

[3] The subpoena commanded the Bank of Hawaii custodian of records to appear and testify at the Law Office of Marshall Ashley on June 26, 2000, at 4:00 p.m. and to bring with him/her the following items:

a) All financial statements relating directly or indirectly to Progressive Insurance Company (Pago Pago) Limited and all affiliated entities, including but not limited to, Insurance Company of the Pacific, Oxford Pacific Insurance, and Progressive Insurance Company (Apia) Limited;

b) All loan documents relating directly or indirectly to Progressive Insurance Company (Pago Pago) Limited and all affiliated entities, including but not limited to, Insurance Company of the Pacific, Oxford Pacific Insurance, and Progressive Insurance Company (Apia) Limited;

c) All wire transfer instructions involving Progressive Insurance Company for the period from August 1999 to January, 2000;

d) Month end statements only on all checking, savings, and certificate of deposit (CD) accounts relating directly or indirectly to Progressive Insurance Company (Pago Pago) Limited and all affiliated entities, including but not limited to, Insurance Company of the Pacific, Oxford Pacific Insurance, and Progressive Insurance Company (Apia) Limited for the period from August 1997 to the present; and

e) All non-sufficient funds (NSF) notices relating to Progressive Insurance Company for the period from January 1, 1997, to December 31, 1999.

[4] The matter was taken under advisement, and was again brought to the Court's attention during a pre-trial hearing held on January 11, 2001.

## Discussion

■ An individual has no common law right to discovery material, insofar as those materials are not judicial records or public documents. *See In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987). Nonetheless, discovery is provided for by court rule, which generally provides that "any matter, not privileged, which is relevant to the subject matter involved in the pending action" is discoverable. T.C.R.C.P. 26(b)(1). The scope of discovery is vastly broad permitting the discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

■ Given its broad scope, if left unbridled, discovery tends to encroach upon the privacy interests of affected parties, and thus, creates the opportunity for abuse. For example, in some cases, opposing parties no longer use discovery for its intended purpose, and instead go on a fishing expedition in the name of "discovery" for the sole purpose of annoying, embarrassing or burdening their opponent. The protective order, T.C.R.C.P. 26(c), is the Court's mechanism for controlling these types of abusive discovery tactics. Where "good cause" is shown, the Court may make certain orders circumscribing discovery which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. T.C.R.C.P. 26(c); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35-36 (1984) (prevention of abuse is sufficient justification for protective order).

SSI and the Youngs seek discovery of *all* financial statements, loan documents, month-end statements on all checking, savings, and certificate of deposit accounts relating directly or indirectly to Progressive and all affiliated entities including several enumerated companies. Also, SSI and the Youngs request *all* wire transfer instructions involving Progressive Insurance Company for the period from August 1999 to January 2000, and *all* non-sufficient funds notices relating to Progressive for the period of January 1, 1997 to December 31, 1999.

■ As a threshold matter, the information sought by SSI and the Youngs must be "reasonably calculated to lead to the discovery of admissible evidence." T.C.R.C.P. 26(b)(1). SSI and the Youngs proffered no explanation as to how the subpoenaed information is "reasonably calculated to lead to the discovery of admissible evidence."[5] *Id.*

---

[5] On December 8, 2000, SSI and the Youngs filed a supplemental memorandum asserting that the information sought under subpoena is necessary and relevant to prove an alter-ego theory of liability. We are

22

Moreover, information regarding a party's financial condition or net worth is generally considered irrelevant to the subject matter of the proceedings. 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 26.41[3][a] (3d ed. 1999). Furthermore, given the sensitive nature of Progressive's financial information, and the burden in producing the requested documents,[6] we further find compliance with the subpoena oppressive, and unduly burdensome to Progressive.

Again, we warn counsel for SSI and the Youngs that he is an officer of the Court, and as such has an ethical duty to be forthcoming with the Court. What began simply as an interpleader action, with SSI and the Youngs' attendant bad faith and punitive damages claims, has evolved into a fishing expedition by SSI and the Youngs into not only Progressive's financial condition, but also that of its affiliated entities.

Good cause having been shown as delineated above, we grant Progressive and the Bank of Hawaii's motion to quash the June 5, 2000 subpoena duces tecum ad testificandum for the Bank of Hawaii, and a protective order is granted to that extent. We reserve our ruling on Progressive's motion for T.C.R.C.P. 11 sanctions, and continue to this request under advisement.

### Order

For the foregoing reasons, and upon good cause shown, the following orders shall issue:

1. Progressive and the Bank of Hawaii's motion to quash the June 5, 2000 subpoena duces tecum ad testificandum for Bank of Hawaii is granted; and

2. A protective order is granted to the extent the June 5, 2000, subpoena duces tecum ad testificandum is herein quashed, and therefore, may be disregarded.